# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julie Casagrande,<br><br>        Plaintiff,<br><br>  v.<br><br>Allied Blending & Ingredients, Inc., a corporation; and DOES 1 through 50, Inclusive,<br><br>        Defendant. | CV 12-00498 RSWL (CWx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW Re: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT [21]** |

After consideration of all the papers submitted pursuant to Defendant Allied Blending & Ingredients, Inc.'s ("ABI" or "Defendant") Motion for Summary Judgment, or, in the Alternative, for Partial Summary Judgment [21], the Court makes the following findings of fact and conclusions of law.

## UNCONTROVERTED FACTS

1. In or around January 2011, ABI hired Plaintiff

Julie Casagrande ("Plaintiff") to work as Quality Assurance Manager at ABI's facility in Bell, California.  Claxton Decl., Ex. A ("Pl. Dep.") 86:7-78:18, 130:25-131:1.  Fannon Decl., ¶ 3.

2. Throughout her employment, John E. Fannon ("Fannon") was Plaintiff's direct supervisor.  Compl. ¶¶ 9, 13.

3. During the week beginning August 1, 2011, Plaintiff and her supervisee, Mr. Jairo Pinon ("Pinon"), disagreed about results they had each obtained after running lab tests on certain samples. Pl. Dep. 102:12-25, 165:23-170:8, 171:15-23, 173:4-175:20, 177:3-178:10, 178:17-179:25.

4. Later that same week, on Saturday, August 6, 2011, Plaintiff found out that she was pregnant.  Id. at 88:7-24.

5. Between August 6, 2011, and Friday, August 12, 2011, Plaintiff told five ABI employees about her pregnancy, including Matt Stelzer ("Stelzer"), ABI's Vice President of Operations, and Juan Mora ("Mora"), Plant Manager of ABI's Bell facility.  Id. at 89:3-15, 90:3-91:1, 91:5-92:8, 92:18-23, 93:18-94:2, 98:2-18, 99:25-100:6.

6. Plaintiff told at least four of these employees, including Stelzer and Mora, not to tell anyone else about her pregnancy.  Id. at 89:3-91:1.

7. Plaintiff tried to resolve her dispute with Pinon on Monday, August 8, 2011, but when the dispute

was not resolved between them, Plaintiff called Fannon to report the matter. Id. at 103:1-9, 180:1-183:12.

8. When Plaintiff was unable to reach Fannon, Plaintiff immediately called Randy Schmelzel, the president of ABI. Id. at 183:9-12.

9. As a result of pregnancy-related cramping that Plaintiff experienced on August 8 and 10, 2011, she left early from work in order to see a doctor. Id. at 92:18-93:17, 97:13-98:4, 193:7-16, 195:19-21.

10. Although Plaintiff "didn't feel well" on August 8 and 10, 2011, she did not think that the pain and discomfort of the pregnancy-related cramping affected her ability to do her job. Id. at 132:8-15, 193:14-194:9.

11. Prior to leaving work for her doctors' appointments on August 8 and 10, 2011, Plaintiff did not request that ABI permit her to take time off from work or otherwise inform her supervisor, Fannon, that she needed to leave work early to see a doctor. Id. at 92:18-94:19, 94:20-22, 95:4-6, 97:13-98:7, 98:24-99:7.

12. Between August 6, 2011, and August 12, 2011, Plaintiff never specifically asked ABI for any accommodation due to her pregnancy. Id. at 196:12-16.

13. On August 12, 2011, Fannon informed Plaintiff that her employment with ABI was terminated, effective immediately. Id. at 74:21-75:9, 83:7-14, 103:19-105:16, 109:21-113:9, 113:18-114:21.

14. Fannon was the sole decision maker with regard

to Plaintiff's termination from ABI. Id. at 114:12-21. Fannon Decl. ¶ 10.

15. It was only when Fannon informed Plaintiff that her employment with ABI was terminated that Plaintiff told Fannon she had left work early on August 8 and 10, 2011, in order to attend doctors' appointments.

16. Plaintiff did not, at any time during or after her employment with ABI, inform Fannon that she was pregnant. Pl. Dep. 94:20-24, 96:25-97:3, 98:24-99:1, 114:4-11, 128:18-20, 129:17-18. Fannon Decl. ¶ 13.

**CONCLUSIONS OF LAW**

1. When adjudicating motions for summary judgment in employment discrimination cases arising under state law, "federal courts sitting in diversity must apply the McDonnell Douglas burden-shifting scheme as a federal procedural rule." Dawson v. Entek Intern., 630 F.3d 928, 934 (9th Cir. 2011).

2. Applying the McDonnell Douglas test to the facts of this case, Plaintiff's First Cause of Action for Discrimination Based on Pregnancy and Fourth Cause of Action for Discrimination Based on Physical Disability both fail as a matter of law because the undisputed facts establish that Fannon did not have knowledge of Plaintiff's pregnancy at the time of Plaintiff's termination from ABI. See Avila v. Cont'l Airlines, Inc., 165 Cal. App. 4th 1237, 1250 (2008) (holding that summary judgment was properly granted on a FEHA discrimination claim because there was no basis to

impute actual knowledge of the plaintiff's disability upon those "involved in the decision to discharge plaintiff").

3. Plaintiff's First and Fourth Causes of Action also fail because the undisputed facts establish that ABI's reasons for terminating Plaintiff's employment were legitimate and nondiscriminatory, and Plaintiff has not shown with specific and substantial evidence that such reasons were pretextual. See Coghlan v. Am. Seafoods Co., 413 F.3d 1090, 1095 (9th Cir. 2005).

4. Plaintiff's Second Cause of Action for Failure to Grant Pregnancy Leave or Other Accommodation and Fifth Cause of Action for Failure to Accommodate Physical Disability both fail because Plaintiff has not established that her pregnancy "disabled" her within the meaning of California's Fair Housing and Employment Act—that is, that she suffered from a physiological condition that limited a "major life activity." See Cal. Code Regs. tit. 2, § 7293.6(e)(1)(A)(2)(a).

5. Similarly, Plaintiff's Third Cause of Action for Retaliation fails because she has not established that she took any "pregnancy disability leave" against which Defendant retaliated. Moreover, even if Plaintiff had established that she took qualifying "pregnancy disability leave" while working at ABI, she has not shown that her subsequent termination was "retaliation" for having taken such leave, given that Fannon was unaware when he terminated Plaintiff's employment that

she was pregnant.

6. Plaintiff's Sixth Cause of Action for Failure to Engage in Interactive Process fails because Plaintiff has not shown that she suffered from a qualifying physical disability, and even if Plaintiff did suffer from a qualifying physical disability, she has not produced any evidence that she notified Fannon of her alleged disability or offered suggestions for reasonable accommodations. See Scotch v. Art Inst. Of Cal.-Orange Cnty., Inc., 173 Cal. App. 4th 986, 1013 (2009).

7. Plaintiff's Seventh Cause of Action for Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation fails because, as previously discussed, Plaintiff has not established that ABI discriminated against her. See Id. at 1021.

8. Plaintiff's Eighth Cause of Action for Intentional Infliction of Emotional Distress ("IIED") fails because Plaintiff has not proven the first element for a successful IIED claim—that is, that ABI engaged in "outrageous" behavior with the intent to cause, or reckless disregard to the probability of causing, emotional distress. See Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009).

9. Plaintiff's Ninth Cause of Action for Wrongful Termination in Violation of Public Policy also fails as a matter of law. Because Plaintiff's FEHA-based claims fail, her ninth claim based on ABI's alleged violation of FEHA public policy necessarily fails as well. See

Hanson v. Lucky Stores, Inc., 74 Cal. App. 4th 215, 229 (1999).

10. Based on the foregoing, Defendant is entitled to summary judgment as to all of Plaintiff's causes of action.

**IT IS SO ORDERED.**

DATED: January 10, 2013

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge